UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TFORCE FREIGHT, INC., | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR BREACH OF |
| v. | ) | CONTRACT AND BREACH OF THE |
| | ) | CONTRACT OF CARRIAGE |
| MIDNIGHT SUN IMPORTS, INC. | ) | PURSUANT TO 49 U.S.C. § 14706, THE |
| and MARIA COX, | ) | CARMACK AMENDMENT TO THE |
| | ) | INTERSTATE COMMERCE ACT |
| Defendants. | | |

Plaintiff, TForce Freight, Inc. ("Plaintiff" or "TForce"), by its attorneys Price, Meese, Shulman & D'Arminio, PC, by way of Complaint for Declaratory Judgment against Defendants, Midnight Sun Imports, Inc. ("Midnight Sun") and Maria Cox ("Cox") ("Midnight Sun" and "Cox" referred to herein collectively at times as "Defendants") sets forth and alleges as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1. TForce is a duly licensed interstate common carrier of goods for hire and is a corporation authorized to do business in New Jersey with a place of business located at 50 Amor Avenue, Carlstadt, New Jersey 07072 and transports goods for hire.

2. Defendant Midnight Sun Imports, Inc. is a corporate entity with a place of business located at 1503 Oak Street, Jacksonville, Florida 32204 and does business across the United States and across the world.

3. Defendant Cox is an individual with an address located at 1503 Oak Street, Jacksonville, Florida 32204. Upon information and belief, Cox is an owner or other interested person of Midnight Sun and does business across the United States and across the world.

4. Subject matter jurisdiction is based upon 28 U.S.C. § 1331 as this matter "arises under" the laws of the United States, specifically, 49 U.S.C. § 14706 (the "Carmack Amendment") because this matter involves Defendants' claim for and allegations of damage to or loss of cargo being transported in interstate commerce where the amount of the damage/loss is

alleged to exceed $10,000.00.

5. As a further and separate and independent basis for jurisdiction, this matter is brought pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

6. Jurisdiction and venue is also proper pursuant to 49 U.S.C. § 14706 (d)(1) because TForce, as a motor carrier, operates in and through New Jersey.

## FACTUAL BACKGROUND

7. On or about September 16, 2022 the Defendants and TForce entered into a Bill of Lading Contract of Carriage (the "Bill of Lading Contract of Carriage").

8. Generally, and among other things, under the Bill of Lading Contract of Carriage, TForce was to transport Defendants' freight for value and under certain terms, conditions and limitations of liability in interstate commerce from Colorado to Florida.

9. On or about October 18, 2022 the Defendants (through an agent) served a cargo damage/loss claim on TForce pursuant to the applicable Federal Regulations (49 C.F.R. § 1005), pursuant to the Tariff and pursuant to the Bill of Lading Contract of Carriage asserting liability against TForce and seeking damages of $16,272.79 and demanding payment thereof.

10. TForce assigned Defendants' claim number 1539602-40 and on October 27, 2022 disallowed the claim due to a lack of proof of damage to or loss of the freight and because it was discovered the article shipped was a prohibited article under Tariff Item 780-A Section 1 and for which there can be no liability on the part of TForce.

11. On or about January 17, 2023 the Defendants retained legal counsel and on that date the Defendants' lawyers wrote to TForce to demand payment in the radically increased amount of $200,000.00 and threatening the filing of a lawsuit on or after February 3, 2023.

12. In the face of Defendants' claim for cargo damage and/or loss and their lawyer's threat of a lawsuit on or after February 3, 2023 in the radically inflated amount of $200,000.00, TForce seeks a Declaration enforcing the terms and conditions of the Tariff and the Bill of Lading Contract of Carriage and in particular an Order that TForce is not liable to the Defendants.

## COUNT I

### BREACH OF CONTRACT

13. TForce reasserts and realleges each and every allegation contained in paragraphs 1 through 12, inclusive, as if set forth fully at length herein.

14. TForce seeks an Order pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 declaring the rights and duties of the parties with respect to certain goods shipped in interstate commerce wherein claims for damage and/or loss have been made.

15. The matter herein presents a justiciable case or controversy as TForce seeks judgment adjudicating the adverse rights of TForce and of Defendants as to the Tariff and the Bill of Lading Contract of Carriage and the application of the terms and conditions therein.

16. An adjudication on the merits and thus a judgment of no liability as per the Tariff and the Bill of Lading Contract of Carriage will provide legal certainty to both TForce and to the Defendants to interpret the terms and conditions of the Bill of Lading Contract of Carriage.

WHEREFORE, Plaintiff, TForce demands a declaratory judgment against Defendants declaring that pursuant to the terms and conditions of the Tariff and the Bill of Lading Contract of Carriage, TForce is not liable to Defendants for Defendants' allegations of damage to or loss of goods transported in interstate commerce; for reimbursement of reasonable counsel fees and costs and for such other and further relief as the court may deem just and proper.

## COUNT II

### BREACH OF THE CONTRACT OF CARRIAGE PURSUANT TO 49 U.S.C. § 14706, THE CARMACK AMENDMENT TO THE INTERSTATE COMMERCE ACT

17. TForce reasserts and realleges each and every allegation contained in paragraphs 1 through 16, inclusive, as if set forth fully at length herein.

18. TForce seeks an Order and Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 declaring the rights and duties of the parties with respect to certain goods shipped in interstate commerce wherein claims for damage/loss have been made

and which claims are governed by Federal law, namely the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

19. The matter herein presents a justiciable case or controversy as TForce seeks judgment adjudicating the adverse rights of TForce and of the Defendants as to the questions of liability.

20. An adjudication on the merits and thus a judgment addressing the questions of liability will provide legal certainty to both TForce and to the Defendants to interpret the terms and conditions of the transportation in light of Defendants' cargo damage/loss claim and assertion of $200,000.00 in damages.

WHEREFORE, Plaintiff, TForce demands a declaratory judgment against Defendants declaring that pursuant to the terms and conditions of the Tariff and the Bill of Lading Contract of Carriage, TForce is not liable to Defendants for Defendants' allegations of damage to or loss of goods transported in interstate commerce; for reimbursement of reasonable counsel fees and costs and for such other and further relief as the court may deem just and proper.

PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard
Suite 380
Woodcliff Lake, New Jersey 07677
T (201) 391-3737
F (201) 391-9360
Attorneys for Plaintiff,
TForce Freight, Inc.

By: _____*S/ William D. Bierman*_____
William D. Bierman

By: _____*S/ Thomas C. Martin*_____
Thomas C. Martin

Dated: February 2, 2023