UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TFORCE FREIGHT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDNIGHT SUN IMPORTS, ) <br> INC. and MARIA COX, ) <br> ) <br> Defendants. ) | Civil Action No.: 3:23-cv-440 <br><br> AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE CONTRACT OF CARRIAGE PURSUANT TO 49 U.S.C. § 14706, THE CARMACK AMENDMENT TO THE INTERSTATE COMMERCE ACT |

Plaintiff, TForce Freight, Inc. ("Plaintiff" or "TForce"), by its attorneys Price, Meese, Shulman & D'Arminio, PC, by way of Amended Complaint for Declaratory Judgment against Defendants, Midnight Sun Imports, Inc. ("Midnight Sun") and Maria Cox ("Cox") ("Midnight Sun" and "Cox" referred to herein collectively at times as "Defendants") sets forth and alleges as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1.     TForce is a duly licensed interstate common carrier of goods for hire and is a corporation authorized to do business in New Jersey with a place of business located at 50 Amor Avenue, Carlstadt, New Jersey 07072 and transports goods for hire.

2. Defendant Midnight Sun Imports, Inc. is a corporate entity with a place of business located at 1503 Oak Street, Jacksonville, Florida 32204 and does business across the United States and across the world.

3. Defendant Cox is an individual with an address located at 1503 Oak Street, Jacksonville, Florida 32204. Upon information and belief, Cox is an owner or other interested person of Midnight Sun and does business across the United States and across the world.

4. Subject matter jurisdiction is based upon 28 U.S.C. § 1331 as this matter "arises under" the laws of the United States, specifically, 49 U.S.C. § 14706 (the "Carmack Amendment") because this matter involves Defendants' claim for and allegations of damage to or loss of cargo being transported in interstate commerce where the amount of the damage/loss is alleged to exceed $10,000.00.

5. As a further and separate and independent basis for jurisdiction, this matter is brought pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

6. Jurisdiction and venue is also proper pursuant to 49 U.S.C. § 14706.

## FACTUAL BACKGROUND

7. On or about September 16, 2022 the Defendants and TForce entered into a Bill of Lading (the "Bill of Lading"). Attached hereto as Exhibit "A" is a true and accurate copy of the Bill of Lading.

8. Generally, and among other things, under the Bill of Lading, TForce was to transport Defendants' freight for value and pursuant to the motor carrier tariff (the "Tariff") and under certain terms, conditions and limitations of liability. See Exhibit "A," Bill of Lading and in particular the Pro Sticker in the lower left incorporating the Tariff by reference and stating "limitations of liability apply [and] subject to limits of liability of the carrier's rules tariff." The freight was described as "Stones" and no value of the freight was declared because the declared value space on the Bill of Lading was left blank. See Exhibit "A," Bill of Lading in particular "Commodity Description" portion in the Bill of Lading and the Declared Value space which states "where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of property as follows: The agreed or declared value of the property is specifically stated by the shipper to be not exceeding _____ per _____." The shipper chose not to declare the value of the freight in the Bill of Lading.

9. On or about October 18, 2022 the Defendants (through an agent) served a cargo loss/damage claim (the "Cargo Claim") on TForce pursuant to the applicable Federal Regulations (49 C.F.R. § 1005). The Cargo Claim asserts liability against TForce and seeks damages of $16,272.79. Attached hereto as Exhibit "B" is a true and accurate copy of the Cargo Claim.

10. TForce assigned Defendants' Claim number 1539602-40 and on October 27, 2022 disallowed the claim due to a lack of proof of damage to or loss of the freight and because it was discovered the article shipped was a prohibited article under Tariff Item 780-A Part 1 (the "Tariff") and for which there can be no liability on the part of TForce and because the Delivery Receipt did not have proof of loss of damage. Attached hereto as Exhibit "C" is a true and accurate copy of the October 27, 2022 claim disallowance letter (the "Claim Disallowance"). Attached hereto as Exhibit "D" is a true and accurate copy of the relevant portion of the Tariff, Item 780-A Part 1. Thus, Tariff, Item 780-A Part 1, entitled "Prohibited Articles," states in relevant part, "Carrier will not be liable for delay, loss or damage to a shipment of any prohibited item." Among the prohibited items listed is "Precious Stones." See Exhibit "D," relevant portion of the Tariff, Item 780-A Part 1. The Delivery Receipt is attached to Exhibit "C" the Claim Disallowance.

11. On or about January 17, 2023 the Defendants retained legal counsel and on that date the Defendants' lawyers wrote to TForce to demand payment in the radically increased amount of $200,000.00 and threatening the filing of a lawsuit on or after February 3, 2023. See Exhibit "E" Litigation Threat Letter.

12. In the face of Defendants' Cargo Claim (Exhibit "B") and their lawyer's threat of a lawsuit in the radically inflated amount of $200,000.00

(Exhibit "E"), TForce seeks a Declaration enforcing the terms and conditions of the Tariff (Exhibit "D") and in particular an Order that TForce is not liable to the Defendants. Plaintiff asserts relevant case law within the Florida Federal Courts have enforced motor carrier Tariff limitations and exclusions of liability via Declaratory Judgment Action. See, e.g., Mayflower Transit v. Connor, 2005 U.S. Dist. LEXIS 58630 (S.D. Fla. 2005)(denying Defendant's Motion to Dismiss the Plaintiff motor carrier's Declaratory Judgment Action, which Declaratory Judgment Action sought to enforce the Plaintiff motor carrier's prohibition against liability as per the terms of the transportation contract); Central Transport International, Inc. v. Global Advantage Distribution, Inc., 2007 U.S. Dist. LEXIS 92531 (M.D. Fla. 2007)(granting in part and denying in part motions for Summary Judgment in Declaratory Judgment Action seeking to enforce motor carrier Plaintiff's Tariff terms and conditions); and Central Transport, LLC v. Global Aeroleasing, LLC, 2020 U.S. Dist. LEXIS 90862, 2020 WL 7040048 (S.D. Fla. 2020)(granting Summary Judgment to Plaintiff in Declaratory Judgment Action seeking to enforce motor carrier Plaintiff's limitation of liability).

## COUNT I

## BREACH OF CONTRACT

13. TForce reasserts and realleges each and every allegation contained in paragraphs 1 through 12, inclusive, as if set forth fully at length herein.

14. TForce seeks an Order pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 declaring the rights and duties of the parties with respect to certain goods shipped in interstate commerce wherein claims for damage and/or loss have been made.

15. The matter herein presents a justiciable case or controversy inasmuch as TForce seeks judgment adjudicating the adverse rights of TForce and of Defendants as to the Tariff, the Bill of Lading and the application of the terms and conditions therein.

16. An adjudication on the merits and thus a judgment of no liability as per the Tariff and the Bill of Lading Contract will provide legal certainty to both TForce and to the Defendants to interpret the terms and conditions of the Bill of Lading Contract of Carriage.

WHEREFORE, Plaintiff, TForce demands a declaratory judgment against Defendants declaring that pursuant to the terms and conditions of the Tariff and the Bill of Lading, TForce is not liable to Defendants for Defendants' allegations of damage to or loss of goods transported in interstate commerce; for reimbursement of reasonable counsel fees and costs and for such other and further relief as the court may deem just and proper.

## COUNT II

## BREACH OF THE CONTRACT OF CARRIAGE PURSUANT TO 49 U.S.C. § 14706, THE CARMACK AMENDMENT TO THE INTERSTATE COMMERCE ACT

17.  TForce reasserts and realleges each and every allegation contained in paragraphs through 12, inclusive, as if set forth fully at length herein.

18.  TForce seeks an Order and Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 declaring the rights and duties of the parties with respect to certain goods shipped in interstate commerce wherein claims for damage/loss have been made and which claims are governed by Federal law, namely the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

19.  The matter herein presents a justiciable case or controversy as TForce seeks judgment adjudicating the adverse rights of TForce and of the Defendants as to the questions of liability.

20.  An adjudication on the merits and thus a judgment addressing the questions of liability will provide legal certainty to both TForce and to the Defendants to interpret the terms and conditions of the transportation in light of Defendants' cargo damage/loss claim and assertion of $200,000.00 in damages.

WHEREFORE, Plaintiff, TForce demands a declaratory judgment against Defendants declaring that pursuant to the terms and conditions of the Tariff and the

Bill of Lading, TForce is not liable to Defendants for Defendants' allegations of damage to or loss of goods transported in interstate commerce; for reimbursement of reasonable counsel fees and costs and for such other and further relief as the court may deem just and proper.

                                                    _/s/ Joseph E. Blitch_____
                                                    JOSEPH E. BLITCH, ESQUIRE
                                                    Florida Bar No.: 40592
                                                    BLITCH WESTLEY BARRETTE, S.C.
                                                    9100 Conroy Windmere Road, Suite 200
                                                    Windmere, Florida 34789
                                                    Telephone: (407) 574-2835
                                                    Facsimile: (608) 829-2982
                                                    Primary: jblitch@bwesq.com
                                                    Secondary: mmock@bwesq.com
                                                    Attorneys for Plaintiff,
                                                    TForce Freight, Inc.

Dated: May 5, 2023